UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,        :

          Plaintiff,      :

        -against-      :

PLATINUM BUILDING SERVICES INC.,:

         Defendant.     :
--------------------------------x

3/28/14

REPORT & RECOMMENDATION

13 Civ. 8042 (LAK)(MHD)

TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

    Plaintiff The New York City District Council of Carpenters ("the Council") commenced this lawsuit under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an arbitral default award rendered pursuant to a collective bargaining agreement ("CBA") between plaintiff and defendant Platinum Building Services Inc. ("Platinum"). Defendant failed to respond to the complaint, and plaintiff has now moved for entry of a default judgment, a motion to which defendant has also not responded although given the opportunity to do so. (See Order, dated Jan. 2, 2014 (Dkt. No. 8) at ¶ 1).

    For the reasons that follow, we recommend that plaintiff's motion be granted, with one limitation.

1

Prior Proceedings

Plaintiff filed its complaint in this court on November 12, 2013. It alleged that defendant was subject to a CBA with the plaintiff Council, and that the agreement required Platinum to pay wages to certain employees and to contribute to fringe benefits on behalf of those employees. (Compl. ¶¶ 5, 7-8). According to the pleading, a dispute arose between the Council and defendant because defendant had failed to call in to the Council a job at a Manhattan job site, as required under the CBA. As a result, pursuant to the CBA, the Council sought relief by way of arbitration, and the arbitrator conducted a hearing on the dispute, although defendant did not attend. (Id. at ¶¶ 9-13 & Ex. A).

Based on the evidence presented at the hearing, the arbitrator issued an award on October 13, 2013, in which he found Platinum in violation of the CBA and ordered it (1) to pay $24,255.02 in wages (less statutory deductions) to Terrence Penney, a union member, for carpentry work performed at the job site and (2) to pay to the Council $17,807.04 in benefits on behalf of Mr. Penney. The arbitrator also directed that the Council and Platinum each pay $950.00 to the arbitrator, representing their respective agreed-upon shares of the arbitrator's fee. (Id. Ex. A at 1-2). The

2

arbitrator further specified that if Platinum failed to comply with the award and if, as a consequence, the Council was compelled to seek enforcement in court, Platinum would be required to pay the Council an additional $2,500.00 in "related attorney's fees." (Id. Ex. A at 2-3).

The complaint goes on to state that following service of the award on October 17, 2013, defendant failed to comply with it, thus necessitating the current lawsuit. (Id. at ¶ 14). Accordingly, plaintiff seeks enforcement of all of the remedies specified by the arbitrator, and also requests an additional award of the attorney's fees and costs generated by this lawsuit. (Decl. of Michael Bauman, Esq., dated Dec. 31, 2013 (Dkt. No. 6) ("Bauman Decl.") at ¶ 24).

Plaintiff served the complaint on defendant on November 14, 2013 by delivery to an authorized person at the Corporation Division of the New York Department of State. (Id. at ¶ 13 & Ex. C). Defendant has never answered or moved with respect to the complaint and its time to do so elapsed several months ago. Moreover, it has not sought to challenge the arbitral award in any other forum. (Id. at ¶¶ 14-15 & Ex. D).

3

As a result of defendant's continuing quiescence, plaintiff has moved for a default judgment. It seeks the relief referred to in the arbitral award and complaint, for a total of $44,562.06, and a separate fee-and-cost award of $836.50. (<u>Id.</u> at ¶ 17, 24 & Ex. F). Not surprisingly, defendant has not filed any opposition to the motion.

## ANALYSIS

There is no dispute that plaintiff timely commenced this action[1], and properly served defendant (<u>id.</u> at Ex. C), that defendant never responded to the well-pled complaint, and that it has also failed to respond to the current motion for a default judgment. Under these circumstances entry of a default and judgment is appropriate.

---

[1] The pertinent statute of limitations is one year, N.Y. CPLR § 7510; U.S.C. § 9; <u>see Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel</u>, 145 F.3d 85, 88 (2d Cir. 1998) (state limitations statute is borrowed for applications to enforce or alter arbitral award obtained under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185), and plaintiff filed within a few weeks of the issuance of the arbitral award. In any event, since timeliness is an affirmative defense, <u>see id.</u>, defendant has waived it by virtue of its failure to respond to the complaint.

As for the terms of the judgment, under section 9 of the Federal Arbitration Act, plaintiff is entitled to the enforcement of the arbitral award, which, we note, was also entered after the default of the defendant. Those provisions include the award of $24,255.02 to Mr. Penny[2], an award of $17,807.04 payable to the Council for fringe benefits on behalf of Mr. Penny, payment to the arbitrator of $950.00 for his fee, and payment of $2,500.00 to the Council for "related attorney's fees" in view of defendant's non-compliance with the award, thus necessitating the Council's resort to litigation in this court.[3]

The only other relief sought by plaintiff is an award of $836.50 in fees and costs generated by this litigation. The

---

[2] As the party to the CBA (see Compl. ¶¶ 4, 7) and hence the party to the arbitration, the Council has standing to pursue this award on behalf of Mr. Penny, a member of the union. See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Cookson Am., Inc., 2012 WL 639616, at *4 (W.D.N.Y. Feb. 27, 2012) aff'd sub nom. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO/CLC v. Cookson Am., Inc., 710 F.3d 470 (2d Cir. 2013).

[3] We are unclear whether a colorable argument might have been pursued by defendant that the arbitrator's conditional award of $2,500.00 in fees and costs in the event of litigation should be re-examined in view of the fact that plaintiff represents that its actual fees and costs in this lawsuit are only $836.50, but since defendant has chosen not to participate in this proceeding it has of course waived any such argument.

difficulty with this demand is that, although it tracks time-and-cost records that plaintiff has submitted (see Bauman Decl. Ex. E), it is entirely unexplained in the papers filed by the Council.[4] Apart from the cited arbitral conditional fee award of $2,500.00 in the event of litigation, plaintiff has not documented any entitlement to a fee award. Counsel's declaration does not address the issue, and simply demands, without explanation, a fee-and-cost award over and above the conditional $2,500.00 arbitral award. Plaintiff fails to explain why -- if the arbitral award grants plaintiff a payment of $2,500.00 for "related fees" in the event of litigation -- the Council should be granted a separate award of fees and costs that would seemingly cover the same expenses, that is, its expenses incurred in the litigation. Under the circumstances, we decline to recommend that additional award.

---

[4] The declaration by counsel attaches a time-and-cost summary record but does not address the relationship between those documented expenses and the $2,500.00 conditional award assessed by the arbitrator. Moreover, in violation of S.D.N.Y. Civil Rule 7.1(a)(2), plaintiff has not included a memorandum of law, which might have explained the basis for the fee-and-cost award that plaintiff seeks. Although we have not rejected the motion based on this omission, it unavoidably impacts our ruling on this issue.

CONCLUSION

For the reasons stated, we recommend that plaintiff's motion for a default judgment be granted and that judgment be entered in the form attached to plaintiff's motion papers (Bauman Decl. Ex. F), except that the language "and attorneys' fees and costs in the amount of $836.50, for a total of $45,398.56" should be stricken.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Lewis A. Kaplan, Room 2240, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

7

DATED: New York, New York
       March 28, 2014

                            RESPECTFULLY SUBMITTED,


                            MICHAEL H. DOLINGER
                            UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Order and Report & Recommendation have been
mailed this date to:

Michael Bauman, Esq.
Virginia & Ambinder, LLP
Trinity Center
111 Broadway
Suite 1403
New York, New York 10006

Platinum Building Services Inc.
244 Madison Avenue
Suite 398
New York, New York 10016